IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DAVID T. MOORE, #1165885,** § | | |
| Petitioner, § | | |
| § | | |
| v. § | 3:10-CV-1450-D (BK) | |
| § | | |
| **RICK THALER, Director,** § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Div., § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order No. 3, this case was automatically referred for findings, conclusions, and recommendation.

**I. BACKGROUND**

This is a *pro se*, fee paid petition for a writ of habeas corpus filed by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is currently confined within the Texas Department of Criminal Justice (TDCJ) at the Telford Unit in New Boston, Texas. Respondent is the TDCJ Director. The court did not issue process in this case.

On April 24, 2003, Petitioner pled guilty to five robbery cases and was sentenced to fifty years imprisonment. *See State v. Moore*, Nos. F02-57771, F03-15031, F03-40259, F03-40260, and F03-40261 ( 283rd Jud. Dist. Ct. 2003). The Fifth District Court of Appeals affirmed the trial court's judgment and sentence in all cases except for No. F02-57771, which it reversed and remanded for resentencing. *See Moore v. State*, Nos. 05-03-00719-CR, 05-03-00720-CR, 05-03-00721-CR, 05-03-00722-CR, 05-03-00723-CR (Tex. App. – Dallas, Dec. 2, 2003, no pet.). On July 16, 2004, the trial court re-sentenced Petitioner to ten years imprisonment. *See State v.*

*Moore*, No. F02-57771 (283rd Jud. Dist. Ct. 2004). Petitioner did not appeal from the latter judgment. Nor did he file a state habeas application pursuant to art. 11.07, Texas Code of Criminal Procedure, challenging his convictions.

In his federal petition, Petitioner challenges all five robbery convictions for the first time. He alleges his sentences were illegal, he received ineffective assistance of counsel, and his conviction was obtained by the use of a coerced confession.

On July 27, 2010, the magistrate judge issued a questionnaire to Petitioner inquiring whether he had exhausted his state court remedies, and asking him to explain why his petition should not be dismissed as barred by the one-year statute of limitations. As of the filing of this recommendation, Petitioner has not responded to the questionnaire or sought an extension of time to do so.

## II. ANALYSIS

A state prisoner must exhaust all available state court remedies before a federal court will consider the merits of his habeas claims. *See* 28 U.S.C. § 2254(b) and (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005). The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *see also Rhines*, 544 U.S. at 274. Exhaustion of state court remedies "is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain,* 179 F.3d 271, 275 (5th Cir. 1999)). A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas

corpus pursuant to Tex. Code Crim. Proc. art. 11.07. *See Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 430-32 (5th Cir. 1985).

Petitioner has not satisfied the exhaustion requirement. He filed neither a petition for discretionary review nor a state habeas application pursuant to art. 11.07. As a result, the Texas Court of Criminal Appeals has not had an opportunity to consider the merits of his claims. Therefore, his habeas petition should be dismissed without prejudice for failure to exhaust state court remedies.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus relief be **DISMISSED** without prejudice for failure to exhaust state court remedies. *See* 28 U.S.C. § 2254(b) and (c).[1]

SIGNED September 17, 2010.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] The court cautions Petitioner that the 1996 amendments to the habeas corpus statute impose a one-year statute of limitations for filing habeas corpus petitions in federal court, *see* 28 U.S.C. § 2244(d), and that this provision is applicable to this petition as well as to any other petition that he may file in this court.

3

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

  A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE